UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL J. SAELI,

                                                                                                     <u>DECISION AND ORDER</u>

                                Plaintiff,

                                                                                                      18-CV-0973L

                v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

Plaintiff, appearing pro se, appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner.

On March 13, 2015, plaintiff, then 36 years old, filed applications for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. Plaintiff alleged an inability to work since March 11, 2015. (Dkt. #17 at 12). His applications were initially denied. Plaintiff requested a hearing, which was held on December 14, 2017 before Administrative Law Judge ("ALJ") Melissa Lin Jones. The ALJ issued a decision on March 30, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #17 at 12-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 27, 2018. (Dkt. #17 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has filed a memorandum seeking reversal of the Commissioner's determination and an award of benefits (Dkt. #20), and the Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) (Dkt. #27). For the reasons that follow, the Commissioner's motion (Dkt. #27) is granted, and the complaint is dismissed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a now-familiar five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a claimant is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

The ALJ's decision recites detailed findings of fact and identifies the evidentiary basis upon which they rest. Upon review, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

**I.     The ALJ's Decision**

In assessing plaintiff's applications, the ALJ summarized plaintiff's medical records including treatment notes related to depressive disorder and anxiety disorder, which she determined together constituted a severe impairment not meeting or equaling a listed impairment.

Examining the relevant categories of mental functioning, the ALJ determined that plaintiff was mildly limited in understanding, remembering and applying information, moderately limited in interacting with others, mildly limited in concentration and attention, and mildly limited in adapting and managing himself. (Dkt. #17 at 16). The ALJ accordingly determined that plaintiff retains the residual functional capacity ("RFC") to perform work at all exertional levels, with the following limitations: no more than occasional interaction with supervisors, no more than rare

(incidental) interaction with coworkers or the public, and no more than simple decision-making required when dealing with changes to the work setting. (Dkt. #17 at 17).

When provided with this RFC at the hearing, vocational expert Michael A. Klein opined that such an individual could perform the representative positions of bagger, cleaner and racker. (Dkt. #17 at 23-25).

## II. Plaintiff's Arguments

Initially, plaintiff claims that the ALJ erred by failing to consider the impact of neuropathy in plaintiff's right hand on his ability to work, and by declining to include appropriate exertional limitations in her RFC finding.

The Court disagrees. The ALJ acknowledged plaintiff's prior surgery on his right wrist, and observed that plaintiff does not receive any treatment for it. Consulting physician Dr. Michael Rosenberg found that plaintiff's hand and finger dexterity were intact and that his grip strength was 5/5 bilaterally. Dr. Rosenberg did not opine that there were any limitations concerning plaintiff's use of his arms, hands and fingers. (Dkt. #17 at 22). A 2017 imaging study of plaintiff's wrist showed only "mild median neuropathy," for which a "conservative course of management" was recommended. (Dkt. #17 at 621, 624). Based on the lack of treatment for any ongoing condition, and the absence of any evidence of resulting functional limitations in plaintiff's right hand or wrist, the ALJ's decision not to include exertional limitations concerning plaintiff's use of his right hand in her RFC finding was supported by substantial evidence.

Plaintiff also contends that the ALJ failed to properly weigh the opinion of consulting psychologist, Dr. Adam Brownfeld. Dr. Brownfeld examined plaintiff on June 29, 2015 and found that plaintiff has no limitations in following and understanding simple directions, performing simple tasks, performing complex tasks, maintaining attention and concentration,

maintaining a schedule, and making appropriate decisions. (Dkt. #17 at 368-72). Although he observed that plaintiff was cooperative at the examination, Dr. Brownfeld did, however, opine that plaintiff was "markedly" limited in reacting appropriately with others, and managing stress. (Dkt. #17 at 370).

The ALJ gave Dr. Brownfeld's report "partial" weight. The ALJ noted that Dr. Brownfeld had seen plaintiff only once, and rejected his opinion concerning marked limitations in social interactions and stress as unsupported by the evidence of record. (Dkt. #17 at 23). That evidence included therapy records describing plaintiff as "pleasant, cooperative and engaging," reports that plaintiff's psychiatric medication had stabilized his symptoms and that his depression and anxiety were improving, and several Global Assessment of Functioning ("GAF") scores assigned by treating sources ranging from 62-64, which suggested no more than mild symptoms. (Dkt. #17 at 18-20, 351, 353, 356, 357, 360, 361, 363, 364, 365, 367, 381).

The ALJ explained her reasoning for the weight given to Dr. Brownfeld's opinion, including her observation that Dr. Brownfeld saw plaintiff only once, and that the record does not contain other evidence supporting his opinion concerning "marked" limitations. These findings are not factually erroneous. To the extent plaintiff also suggests that Dr. Brownfeld's opinion was entitled to controlling weight as a treating physician, the record contains no indication that Dr. Brownfeld had a treating relationship with plaintiff. To the contrary, his opinion specifically denies such a relationship. (Dkt. #17 at 372).

Finally, although plaintiff contends that the record was incomplete because it did not contain any reports from Lynn Stanley, plaintiff's job coach at the Office of Adult Career and Continuing Education Services of Buffalo, there is no reason to believe that such documents were necessary to complete the record. The ALJ's duty to develop the record is not "infinite," and

4

when, as here, "evidence in hand is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary." *Kinslow v. Colvin*, 2014 U.S. Dist. LEXIS 25717 at *12 n.10 (N.D.N.Y. 2014).

Here, the ALJ obtained copies of plaintiff's relevant treatment records concerning his physical and mental health, as well as opinions from consulting sources with respect to plaintiff's claimed exertional and non-exertional limitations. At the hearing, the ALJ asked plaintiff and his counsel to confirm that the record was complete, and left the record open for a period thereafter, in case plaintiff wished to submit any additional evidence. Plaintiff does not identify the substance of the records from Ms. Stanley, and does not explain how their inclusion in the record might have supported a different finding by the ALJ. As such, I find no deficiencies in the ALJ's efforts to complete the record.

I have considered the rest of plaintiff's claims, and find them to be without merit. I believe the evidence supports the ALJ's conclusion that plaintiff, at the time of his application a 36-year-old man with a high school education[1] and past employment as a retail clerk, mortgage clerk, paralegal and tutor, was not totally disabled, and that several positions existed in the economy that plaintiff could perform, including bagger, cleaner and racker. (Dkt. #17 at 23-25). I find no reason to modify the ALJ's decision.

## CONCLUSION

The plaintiff's request for judgment remanding this matter for the calculation and payment of benefits (Dkt. #20) is denied, and the Commissioner's motion for judgment on the pleadings

---

[1] Although the ALJ found that plaintiff's educational level was that of "high school," that finding may not reflect the highest level of education plaintiff completed. Plaintiff testified at his hearing that he had earned a bachelor's degree in Political Science from SUNY Fredonia. (Dkt. #17 at 51).

5

(Dkt. #27) is granted. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 15, 2019.